UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEAD SEA PREMIER COSMETICS LABORATORIES LTD, <br><br> Plaintiff, <br><br> v. <br><br> QUALITY PRODUCTION LLC, <br><br> Defendant. | C.A. No. : _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Dead Sea Premier Cosmetics Laboratories Ltd. ("Plaintiff" or "Dead Sea"), by and through its undersigned counsel, complains of defendant Quality Production LLC's ("Quality Production" or "Defendant") conduct and alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the trademark laws of the United States.

2. This Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1367(a).

3. Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts and this District pursuant to Mass. Gen. Laws ch. 223A §3 because (a) Defendant has sold numerous products into the Commonwealth and this District; (b) Defendant has caused tortious injury to Dead Sea's trademarks within the Commonwealth and this District; (c) Defendant practices the unlawful conduct complained of herein, in part, within the Commonwealth and this

District; (d) Defendant regularly conducts or solicits business within the Commonwealth and this District; (e) Defendant regularly and systematically directs electronic activity into the Commonwealth and this District with the manifest intent of engaging in business within the Commonwealth and this District, including the sale and/or offer for sale to Internet users within the Commonwealth and this District; and (f) Defendant enters into sales contracts with residents of the Commonwealth and this District through the sale of items on various online retail platforms and in Internet auctions.

4. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

**PARTIES**

5. Plaintiff Dead Sea Premier Cosmetics Laboratories Ltd is an Israeli cosmetics and skincare company that manufactures its products using mineral components extracted from the Dead Sea.

6. Defendant Quality Production LLC is a Florida limited liability company with a principal place of business located in Boca Raton, Florida. Quality Production does business or has done business and sold products to consumers, including the Dead Sea Products, within the Commonwealth and this District through various online commerce sites, including, but not limited Amazon.com, using seller names, including, but not limited to "Quality Production LLC."

**FACTS**

*Dead Sea's Trademark Usage*

7.      The U.S. Patent and Trademark Office ("PTO") has issued Plaintiff several registrations for marks used with skincare products (hereinafter, the "Dead Sea Marks"). The Dead Sea Marks include, but are not limited to:

| Mark | Registration Number | Registration Date |
|---|---|---|
| PREMIER BY DEAD SEA PREMIER | 4,173,366 | July 17, 2012 |

8.      The Dead Sea Marks have been in continuous use since at least their respective dates of registration.

9.      Dead Sea advertises, distributes, and sells its Dead Sea Products to consumers under the Dead Sea Marks.

10.     Dead Sea has also acquired common law rights in the use of the Dead Sea Marks throughout the United States.

11.     The federal trademark registrations for the Dead Sea Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the Dead Sea Marks.

12.     Dead Sea has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the Dead Sea Marks throughout the United States and the world.

13.     As a result of such advertising and promotion, Dead Sea has established substantial goodwill and widespread recognition in the Dead Sea Marks, and the Dead Sea Marks have

3

become associated exclusively with Dead Sea and the Dead Sea Products by both customers and potential customers, as well as the general public at large.

14. To create and maintain such goodwill among its customers, Dead Sea has taken substantial steps to ensure that products bearing the Dead Sea Marks are of the highest quality. As a result, the Dead Sea Marks have become widely known and are recognized throughout the United States and the world as symbols of high quality products.

15. As a result of, *inter alia*, the care and skill exercised by Dead Sea in the conduct of its business, the high quality of the goods sold under the Dead Sea Marks, and the extensive advertising, sale, and promotion by Dead Sea of its products, the Dead Sea Marks have acquired secondary meaning in the United States and the world, including this District.

16. Dead Sea is not now, nor has it ever been, affiliated with Defendant, and has not now, nor has it ever, given Defendant permission to use any of the Dead Sea Marks.

***Defendant's Infringing and Improper Conduct***

17. Defendant is not authorized by Plaintiff to sell Dead Sea Products.

18. Despite this, Defendant has sold and is currently selling Dead Sea Products on various online commerce sites including, but not limited to, Amazon.com, using seller names, including, but not limited to "Quality Production LLC."

19. Defendant falsely advertises the Dead Sea Products it sells using the Dead Sea Marks.

20. Defendant falsely advertises Dead Sea Products on Amazon.com as "new," although the products sold by Defendant and received by consumers are in "used," rather than "new," condition.

21. The Dead Sea Products sold as "new" by Defendant are "used" products that have already once been sold, been purchased at liquidation, are expired, or products imported into the country from other regions of the world.

22. By advertising "new" Dead Sea Products, Defendant falsely advertises to consumers that Defendant's Dead Sea Products originate from Dead Sea, are endorsed by Dead Sea, and/or are the same Dead Sea Products sold by Dead Sea.

23. As part of its investigation into Defendant, Plaintiff caused to be purchased a Dead Sea Product from Defendant. The purchased product was advertised as being in "new" condition. However, the skin cream received came unboxed, with its seal broken, and appeared to have been opened previously.

24. Of course, the condition of a product is of the utmost importance to a customer - especially in the cosmetics and skincare space.

25. The Dead Sea Product purchased from Defendant was not is "new" condition as advertised.

26. Indeed, a review of Defendant's Amazon.com feedback makes clear the confusion and poor customer experience caused by Defendant misrepresenting the nature and condition of the Dead Sea Products it sells:


"Both boxes have expiration date of 5/22 just 4 months from now! Are these old ones you sent me!!!!!!!"

By Amazon Customer on January 14, 2022.

⭐☆☆☆☆ "Scant amount of product in tube. I had purchased a previous tube in Miami and it lasted almost 2 years. This lasted 2 applications and no results. Product purchase in Miami had immediate results on first application and through out use. This must be a knock off product. Only gave one star-could not rate less as I would not give any star."
Read less

By Jean Zandt on December 15, 2021.

⭐☆☆☆☆ "The item came in opened up. The packaging was all wet with the cleanser solution. More than half of the container was emptied out. I immediately put in for a return. If I get a replacement and everything looks ok this time. I will come back and rate this seller a lot higher."
Read less

By Angel Bellido on November 5, 2021.

27. Dead Sea's investigation also revealed that Defendant would often advertise and offer for sale a certain Dead Sea product model, but then ship to the customer a different model product.

28. For example, Dead Sea caused to be purchased from the Defendant the "Premier Dead Sea Classic Eye Serum, Hypoallergenic, Age defying.." advertised as Model No. A56e. However, Model No. A56e. was not shipped by the Defendant. Instead, the product actually shipped by Defendant was Premier by Dead Sea Premier Concentrated Facial Serum Model No. K23.

29. Upon information and belief, based upon the volume and selection of the Dead Sea Products offered for sale and sold by Defendant, to obtain the inventory of Dead Sea Products Defendant has offered for sale and sold online retail platforms, Defendant intentionally sought out, directly or indirectly, and obtained, Dead Sea Products from international resellers.

30. After importing Dead Sea Products designed and manufactured for international markets, Defendant advertises and sells the products as genuine Dead Sea Products designed and manufactured for the United States market.

31. The Dead Sea Products designed and manufactured for international markets are not intended for distribution and resale in the United States.

32. Dead Sea has contacted Defendant regarding its false advertising and other improper conduct.

33. Through the demand letter communications received from Dead Sea, Defendant was aware at all times of its misconduct but refused to stop.

34. Dead Sea's continued refusal to cease its false advertising campaign evidences its continued intention to act with improper motives.

35. Defendant's continued advertisement, display, and sale of Dead Sea Products has harmed, and continues to harm, Dead Sea and its relationships with consumers.

***Likelihood of Confusion and Injury Caused by Defendant's Actions***

36. Defendant's actions substantially harm Dead Sea by placing falsely advertised Dead Sea Products into the stream of commerce in the United States.

37. Defendant's actions substantially harm Dead Sea's goodwill and reputation due to Defendant's false advertising.

38. Moreover, Defendant's sale of falsely advertised Dead Sea Products results in the lessening of sales of properly advertised Dead Sea Products to the detriment of Plaintiff.

39. As a result of Defendant's actions, Dead Sea is suffering the loss of the enormous goodwill it created in the Dead Sea Marks and is losing profits from lost sales of products.

40. Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Dead Sea's irreparable harm.

## COUNT I
## Violation of 15 U.S.C. § 1125(a)

41. Dead Sea hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

43. Dead Sea engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Dead Sea Marks, throughout the United States.

44. The Dead Sea Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Dead Sea's products and services.

45. By selling or distributing products using the Dead Sea Marks as alleged herein, Defendant is engaging in unfair competition, false advertising, and/or falsely representing sponsorship by, affiliation with, or connection to Dead Sea and its goods and services in violation of 15 U.S.C. § 1125(a).

46. By advertising or promoting products using the Dead Sea Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

47. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Dead Sea Marks, thereby causing immediate, substantial, and irreparable injury to Dead Sea.

48. By selling and advertising products under the Dead Sea Marks as alleged herein, Dead Sea is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

49. As a direct and proximate result of Defendant's actions, Dead Sea has been, and continues to be, damaged by Defendant's activities and conduct. Dead Sea has profited thereby, and unless its conduct is enjoined, Dead Sea's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Dead Sea is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

### COUNT II
### Unfair Competition Under Mass. Gen. Laws c. 93A

50. Dead Sea hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51. Dead Sea and Defendant are in the conduct of trade or commerce within the meaning of Mass. Gen. Laws c. 93A.

52. As detailed above, Defendant's act of obtaining Dead Sea Products through fraudulent or illicit means constitutes an unfair and deceptive business act.

53. As detailed above, Defendant's continued interference and unauthorized resale of Dead Sea Products and use of the Dead Sea Marks constitutes an unfair and deceptive business act.

54. Defendant's acts have caused Dead Sea damage, have irreparably harmed Dead Sea and, unless enjoined, will continue to do so in a manner affording Dead Sea no adequate remedy at law.

55. Defendant has refused to desist from these wrongful acts, and therefore Defendant has indicated that it intends to continue this unlawful conduct, unless restrained by this Court.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Dead Sea Premier Cosmetics Laboratories Ltd. prays for judgment in its favor and against Defendant providing the following relief:

A. Finding that, (i) as to Count I, Defendant's conduct violates 15 U.S.C. § 1125(a); (ii) as to Count II, Defendant engaged in willful, unfair and deceptive conduct in violation of state law; resulting in Defendant, its agents, servants, employees, attorneys, and all those persons in active concert or participation with Defendant, being preliminarily and permanently enjoined from:

   i. acquiring, or taking any steps to acquire, any Dead Sea Products;
   ii. selling, or taking any steps to sell, any Dead Sea Products;
   iii. engaging in any activity constituting unfair competition with Dead Sea; and
   iv. inducing, assisting, or abetting any other person or business entity in engaging in or performing any of the activities described in the paragraphs above.

B. Award Dead Sea its actual damages suffered as a result of Defendant's acts, and double or treble said damages pursuant to applicable federal and state law.

C. Award Dead Sea Defendant's profits as allowed by law.

D. Award Dead Sea its reasonable attorneys' fees in bringing this action as allowed by applicable federal and state law.

E. Award Dead Sea the costs incurred in bringing this action.

F. Award any other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Dead Sea Premier Cosmetics Laboratories Ltd. hereby requests trial by jury on all claims so triable.

Respectfully submitted,

Dead Sea Premier Cosmetics Laboratories Ltd.

by its attorneys,

*/s Morgan T. Nickerson*
Morgan T. Nickerson (BBO# 667290)
morgan.nickerson@klgates.com
Michael R. Murphy (BBO# 671816)
michael.r.murphy@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

Dated: January 25, 2022